UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUANITA MARIA OLIVER,

      Plaintiff,

v.                                Case No. 8:12-cv-02117-VMC-MAP

TECO ENERGY,  INC.

      Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

      Plaintiff, by and through, undersigned counsel, hereby files her response in opposition to Defendant's Motion for Summary Judgment and in support thereof states that following.

## BACKGROUND

      Plaintiff was employed by Defendant, Tampa Electric Company from October 2004 through July 2, 2010.  Plaintiff filed this action against Defendant in connection with the termination of her employment.  Count I is Plaintiff's claim of disability discrimination under the American with Disabilities Amendments Act.  Count II of the Complaint is Plaintiff's claim of retaliation under the ADA.  Count III of the Complaint is Plaintiff's claim of disability discrimination under the Florida Civil Rights Act ("FCRA").  Count IV of the Complaint is Plaintiff's claim of retaliation under the FCRA.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, the discovery and disclosures materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Mize v. Jefferson City Bd. Of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)).  A fact is material if it may affect the outcome of the suit under the governing law.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006).  The moving party bears the initial burden of showing the Court, by inference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Id.  When a moving party has discharged its burden, the non-moving party must go beyond the pleadings, and by its own affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  Id.

## DISCUSSION

**A.      Plaintiff Can Defeat Summary Judgment on Defendant's Argument Regarding Her Disability Discrimination Claims in Counts I and III of the Complaint.**

To establish a prima facie case of disability discrimination, Plaintiff must show that (1) she is disabled; (2) she is a qualified individual; and (3) she was subject to unlawful

discrimination because of her disability.  Holly v. Clairson Indus., LLC., 492 F.3d 1247, 1255 (11th Cir. 2007).

For the purposes of summary judgment, Defendant does not question whether Plaintiff is disabled, but argues that Plaintiff is not a qualified individual with a disability.  A qualified individual with a disability is:

> …someone with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  Essential functions are fundamental job duties of a position that an individual with a disability is actually required to perform.  If the particular function is essential, an ADA plaintiff must show that he can perform it either without accommodation or with a reasonable accommodation. . . . Thus, if a disabled individual is unable to perform the essential function of the job, even with a reasonable accommodation, he is not a qualified individual and cannot establish a prima facie case.

Cremeens v. City of Montgomery, Ala., 427 Fed. App'x 855, 857 (11th Cir. 2011).

There is a genuine issue of material fact as to whether Plaintiff is a qualified individual with disability.  In support of summary judgment, Defendant argues that Plaintiff failed to work reasonably well with others, disrupted the work environment, refused on a number of occasions to speak with Sugden, and routinely slammed her fists and yelled at co-workers.  Plaintiff disputes Defendant's argument in this regard noting that Defendant promoted Plaintiff from to Lead I on July 29, 2009 and provided Plaintiff with guidance for further promotion. See Sugden Aff. ¶ 8.  Also, Plaintiff's co-workers have praised her work.  For example, Michelle Cooper wrote:

> Maria Oliver and I have been co-workers since 2004.  We were in the same training class and we are 2 of 3 people left out of a class of nearly 16 people.  She takes every opportunity to learn new task.  She enjoys sharing her knowledge with others and has always been available to help me whenever I asked.  She comes across as professional and never excitable.  I am confident that whenever she provides an answer for a concern it will be the proper response in order to assist the customer.  Maria has never given me any reason to feel comfortable around her.

(See Statement of Michelle Cooper dated January 12, 2010). While Ms. Cooper's statement may not be controlling, it does raise a question to Defendant's contention that Plaintiff was not an "otherwise qualified individual" under the ADA.

Defendant further asserts that it did not discriminate against Plaintiff because it did not know that she was disabled. This argument ignores the fact that Plaintiff did not request participation in Defendant's Employee Assistance Program ("EAP"). Rather, Defendant directed Plaintiff to participate in the EAP. Plaintiff followed these directions, and saw EAP provider, Dr. Gary Wood, Psy.D. On more than one occasion, Dr. Wood excused Plaintiff from work given her condition. Also, while Plaintiff's supervisor, Sugden claimed she did not use the term "psycho," she knew that her subordinates referred to Plaintiff as psycho. Sugden ¶17. Against this background, it is reasonable to infer that Defendant was aware of Plaintiff's disability. Therefore, Plaintiff has met the requirement of showing that she was subject to unlawful discrimination because of disability.

>    **B.    Plaintiff Can Prevail on Summary Judgment by Showing that Defendant's Legitimate, Nondiscriminatory Reason is a Pretext for Discriminatory Conduct.**

In a discrimination case, if a plaintiff meets the initial burden of establishing a prima facie case, the defendant must rebut the inference of discrimination raised by the plaintiff demonstrating that it had a legitimate, nondiscriminatory reason for the action that it took. The plaintiff must prove that the defendant's proffered action is a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973). A plaintiff may meet this burden by "demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable

factfinder could find them unworthy of credence.  Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005).

In the present case, Defendant claims that it had a legitimate nondiscriminatory reason for referring Plaintiff to EAP because she raised unfounded allegations against co-worker Denise Bernal.  Defendant outlines its handling of the dispute between Plaintiff and Bernal in the affidavit of Tina Findley.  Findley's affidavit is lacking in detail as to how she determined that Plaintiff's allegations were unfounded.  Instead, Findley states "After investigating Oliver's complaint and talking with Bernal, Coleman and I determined that Oliver's accusations were unfounded." See Findley's Aff. ¶4.  Plaintiff's deposition testimony on the Bernal situation tells a different story, thereby, creating a dispute.  Plaintiff discussed specific problems that she had with Bernal and how she felt Defendant failed to assist her.  See Plaintiff's Depo. Vol. II at 59, 61, 62, 64, and 65.  On this point, Defendant's Motion for Summary Judgment asks the Court to make a credibility determination between Findley and Plaintiff.  Because the Court must construe these facts in a light most favorable the nonmoving party, it must reject Defendant's conclusion that Plaintiff's allegations regarding Bernal were unfounded.  Thus, for the purposes of summary judgment, the Court should find that Plaintiff can show pretext.

Defendant also claims that it had a legitimate nondiscriminatory reason to terminate Plaintiff because she had engaged in insubordination resulting in her termination.  Specifically, Defendant stated that Plaintiff refused to attend a meet and greet with a new hire class.  An issue of fact exists on this point because Plaintiff believed that she was told that she did not have to attend that meeting.  See Plaintiff's Depo.Vol. I at 80-85.  Given Plaintiff's belief that she was not allowed to attend the new hire meet and greet, a factual dispute exists as to whether she violated her decision making leave and whether she was insubordinate justifying termination.

Therefore, Plaintiff has presented sufficient evidence to overcome Defendant's Motion for Summary Judgment and the motion should be denied.

WHEREFORE, for all of the foregoing reasons, Defendants' Motions for Summary Judgment should be denied.

Dated this 12th day of September, 2013.

Respectfully Submitted,

/s/ Richard L. Bradford
RICHARD L. BRADFORD
Florida Bar No.:  0068497
BRADFORD AND BRADFORD, P.A.
P.O. Box 6999
Brandon, FL  33508
Telephone: (813) 413-2402
Facsimile:  (813) 381-5340
e-mail:  rich@bradfordfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF, electronic filing on this 12th day of September 2013 to:

Thomas M. Gonzalez, Esq.
Erin G. Jackson, Esq.
Thompson Sizemore Gonzalez & Hearing, P.A.
One Tampa City Center
201 North Franklin Street Suite 1600
Tampa, FL 33602

s/Richard L. Bradford
Attorney